UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
ILIR TOPALLI,

        Plaintiff,

        Case No.: 08 CV 1968

        -against-

ALBERT EINSTEIN COLLEGE OF MEDICINE OF
YESHIVA UNIVERSITY; YESHIVA UNIVERSITY;    ANSWER
MARK F. MEHLER; AND ANNE ETGEN,

        Defendants.

------------------------------------------------------------------ X

      Defendants Albert Einstein College of Medicine of Yeshiva University ("AECOM"), Yeshiva University ("Yeshiva"), Mark F. Mehler, and Anne Etgen (collectively, "Defendants"), by their attorneys Sive, Paget & Riesel, P.C., hereby answer the Complaint as follows:

      1.    Deny knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in Paragraph "1" of the Complaint.

      2.    Admit that Yeshiva is a legally organized institution of higher education with campuses in Bronx and New York Counties, New York. To the extent Paragraph "2" sets forth legal conclusions to which no answer is required, Defendants respectfully refer all questions of law, including questions as to jurisdictional matters, to the Court.

      3.    Admit that AECOM is a legally organized not-for-profit entity that operates a medical school and that AECOM is one of Yeshiva's graduate learning, teaching, and research institutions, and deny the remaining factual allegations set forth in Paragraph "3" of the Complaint. To the extent Paragraph "3" sets forth legal conclusions to which no answer is

required, Defendants respectfully refer all questions of law, including questions as to jurisdictional matters, to the Court.

4. Admit that Dr. Mehler is an individual with a business address in Bronx County, New York, that he is resides and is domiciled in Westchester County, New York, that he is a medical doctor, the chair of AECOM's Department of Neurology, Department of Neuroscience, and Department of Psychiatry and Behavioral Sciences, and the director of AECOM's Institute for Brain Disorders and Neural Regeneration. To the extent Paragraph "4" sets forth legal conclusions to which no answer is required, Defendants respectfully refer all questions of law, including questions as to jurisdictional matters, to the Court.

5. Admit that Dr. Etgen is an individual with a business address in Bronx County, New York, that she is a faculty member and professor in AECOM's Department of Neuroscience, and deny the remaining factual allegations set forth in Paragraph "5" of the Complaint. To the extent Paragraph "5" sets forth legal conclusions to which no answer is required, Defendants respectfully refer all questions of law, including questions as to jurisdictional matters, to the Court.

6. Paragraph "6" contains legal conclusions to which no answer is required. Defendants respectfully refer all questions of law, including questions as to jurisdictional matters, to the Court.

7. Paragraph "7" contains legal conclusions to which no answer is required. Defendants respectfully refer all questions of law, including questions as to jurisdictional matters, to the Court.

8. Defendants repeat and reallege their responses to each and every allegation set forth in Paragraphs "1" through "7" of the Complaint.

9. Admit that Dr. Mehler is employed by Yeshiva, and deny the remaining factual allegations set forth in Paragraph "9" of the Complaint.

10. Admit that Dr. Etgen is employed by Yeshiva, and deny the remaining factual allegations set forth in Paragraph "10" of the Complaint.

11. Admit that Plaintiff is a Ph.D. with a graduate degree in neuroscience, that he was a student of AECOM in the period 1997-2005, and that he was employed by St. Luke's-Roosevelt Hospital and Multiple Sclerosis Research Center of New York, deny that Plaintiff was an employee of AECOM and that AECOM discharged him in or about April 2005, and deny knowledge or information sufficient to form an opinion as to the truth of the remaining factual allegations set forth in Paragraph "11" of the Complaint.

12. Deny knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in Paragraph "12" of the Complaint.

13. Defendants repeat and reallege their responses to each and every allegation set forth in Paragraphs "1" through "12" of the Complaint.

14. Deny the allegations set forth in Paragraph "14" of the Complaint.

15. Deny the allegations set forth in Paragraph "15" of the Complaint.

16. Admit that AECOM has written anti-discrimination policies, and deny the remaining factual allegations set forth in Paragraph "16" of the Complaint.

17. Deny the allegations set forth in Paragraph "17" of the Complaint.

18. Deny the allegations set forth in Paragraph "18" of the Complaint. To the extent Paragraph "18" contains legal conclusions to which no answer is required, Defendants respectfully refer all questions of law to the Court.

19. Deny the allegations set forth in Paragraph "19" of the Complaint.

20. Deny the allegations set forth in Paragraph "20" of the Complaint.

21. Deny the allegations set forth in Paragraph "21" of the Complaint.

22. Deny the allegations set forth in Paragraph "22" of the Complaint.

23. Deny the allegations set forth in Paragraph "23" of the Complaint.

24. Deny the allegations set forth in Paragraph "24" of the Complaint.

25. Deny the allegations set forth in Paragraph "25" of the Complaint.

26. Admit the allegations set forth in Paragraph "26" of the Complaint.

27. Admit the allegations set forth in Paragraph "27" of the Complaint.

28. Neither admit nor deny the allegations set forth in Paragraph "28" of the Complaint, but beg leave to refer to the EEOC determination for its content.

29. Deny knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in Paragraph "29" of the Complaint, except admit that EEOC right to sue notice was dated November 28, 2007.

30. Deny the allegations set forth in Paragraph "30" of the Complaint.

31. Defendants repeat and reallege their responses to each and every allegation set forth in Paragraphs "1" through "30" of the Complaint.

32. Deny the allegations set forth in Paragraph "32" of the Complaint.

33. Admit that Plaintiff was awarded a Ph.D., and deny the remaining factual allegations set forth in Paragraph "33" of the Complaint.

34. Admit that AECOM has policies that warrant investigation of discrimination complaints, and deny the remaining factual allegations set forth in Paragraph "34" of the Complaint.

35. Deny the allegations set forth in Paragraph "35" of the Complaint.

36. Deny the allegations set forth in Paragraph "36" of the Complaint.

37. Deny the allegations set forth in Paragraph "37" of the Complaint.

38. Deny the allegations set forth in Paragraph "38" of the Complaint.

39. Deny the allegations set forth in Paragraph "39" of the Complaint.

40. Deny the allegations set forth in Paragraph "40" of the Complaint.

41. Defendants repeat and reallege their responses to each and every allegation set forth in Paragraphs "1" through "40" of the Complaint.

42. Deny the allegations set forth in Paragraph "42" of the Complaint.

43. Deny the allegations set forth in Paragraph "43" of the Complaint.

44. Admit that Plaintiff is a man.

45. Deny the allegations set forth in Paragraph "45" of the Complaint.

46. Deny the allegations set forth in Paragraph "46" of the Complaint.

47. Deny the allegations set forth in Paragraph "47" of the Complaint.

48. Deny the allegations set forth in Paragraph "48" of the Complaint.

49. Defendants repeat and reallege their responses to each and every allegation set forth in Paragraphs "1" through "48" of the Complaint.

50. Deny the allegations set forth in Paragraph "50" of the Complaint.

51. Deny the allegations set forth in Paragraph "51" of the Complaint.

52. Deny the allegations set forth in Paragraph "52" of the Complaint.

53. Defendants repeat and reallege their responses to each and every allegation set forth in Paragraphs "1" through "52" of the Complaint.

54. Deny the allegations set forth in Paragraph "54" of the Complaint.

55. Deny the allegations set forth in Paragraph "55" of the Complaint.

56. Deny the allegations set forth in Paragraph "56" of the Complaint.

57. Defendants repeat and reallege their responses to each and every allegation set forth in Paragraphs "1" through "56" of the Complaint.

58 Paragraph "58" contains legal conclusions to which no answer is required. Defendants respectfully refer all questions of law to the Court.

59. Paragraph "59" contains legal conclusions to which no answer is required. Defendants respectfully refer all questions of law to the Court.

60. Deny the allegations set forth in Paragraph "60" of the Complaint.

61. Defendants repeat and reallege their responses to each and every allegation set forth in Paragraphs "1" through "60" of the Complaint.

62. Deny the allegations set forth in Paragraph "62" of the Complaint.

63. Deny the allegations set forth in Paragraph "63" of the Complaint.

64. Deny the allegations set forth in Paragraph "64" of the Complaint.

65. Deny the allegations set forth in Paragraph "65" of the Complaint.

66. Defendants repeat and reallege their responses to each and every allegation set forth in Paragraphs "1" through "65" of the Complaint.

67. Deny the allegations set forth in Paragraph "67" of the Complaint.

68. Deny the allegations set forth in Paragraph "68" of the Complaint.

69. Deny the allegations set forth in Paragraph "69" of the Complaint.

70. Deny the allegations set forth in Paragraph "70" of the Complaint.

71. Deny the allegations set forth in Paragraph "71" of the Complaint..

72. Deny the allegations set forth in Paragraph "72" of the Complaint.

73. Defendants repeat and reallege their responses to each and every allegation set forth in Paragraphs "1" through "72" of the Complaint.

74. Deny the allegations set forth in Paragraph "74" of the Complaint.

75. Deny the allegations set forth in Paragraph "75" of the Complaint.

76. Deny the allegations set forth in Paragraph "76" of the Complaint.

77. Deny the allegations set forth in Paragraph "77" of the Complaint.

78. Deny the allegations set forth in Paragraph "78" of the Complaint.

79. Defendants repeat and reallege their responses to each and every allegation set forth in Paragraphs "1" through "78" of the Complaint.

80. Deny the allegations set forth in Paragraph "80" of the Complaint.

81. Deny the allegations set forth in Paragraph "81" of the Complaint.

82. Deny each and every other allegation set forth in the Complaint.

FIRST DEFENSE

83. The Complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

84. All or part of Plaintiff's claims are barred by the applicable statute of limitations to the extent that the actions which Plaintiff claims constitute discrimination occurred on or before February 26, 2005, 300 days before Plaintiff filed his complaint with the EEOC.

THIRD DEFENSE

85. Plaintiff's first, second, third, fourth, fifth, and sixth "Causes of Action" should be dismissed because Plaintiff was at no time employed by Defendants and, therefore, lacks standing to assert these claims.

## FOURTH DEFENSE

86. At all times relevant hereto, Defendants acted in good faith, and have not violated Plaintiff's rights under Federal, State or local law.

## FIFTH DEFENSE

77. AECOM has written anti-discrimination policies and procedures for filing complaints of discrimination, with which it fully complies. Plaintiff failed to take advantage of these procedures and never filed a formal complaint of discrimination or retaliation with the Affirmative Action Office.

## SIXTH DEFENSE

78. Plaintiff's claim for punitive damages is barred, in whole or part, because such damages are not available for some or all of the claims and/or because Defendants did not engage in conduct with the required level of culpability to justify an award of punitive damages.

## SEVENTH DEFENSE

79. Each claim for relief in the Complaint is barred by reason of Plaintiff's failure to mitigate or avoid any of his alleged damages.

80. Defendants reserve the right to amend or supplement this answer or to assert additional defenses as may be disclosed by discovery.

WHEREFORE, Defendants should have judgment dismissing the Complaint and for such other and further relief as the Court deems just and appropriate.

Dated: New York, New York
April 7, 2008

                                            Yours, etc.,

                                            SIVE, PAGET & RIESEL, P.C.
                                            Attorneys for Defendants
                                            Albert Einstein College of Medicine of
                                            Yeshiva University, Yeshiva University,
                                            Mark F. Mehler, and Anne Etgen

                                            By: _____
                                            Daniel Riesel (DR-9777)
                                            460 Park Avenue
                                            New York, New York 10022
                                            (212) 421-2150

TO:    COX PADMORE SKOLNIK & SHAKARCY LLP
         Attorneys for Plaintiff
         ATTN: Chinyere Y. Okoronkwo
         630 Third Avenue, 19th Floor
         New York, New York 10017
         (212) 953-6633

P:\5997\5960\Topalli Answer.doc